No. 22-1019

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 31, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GERALD ACKERMAN, | )
| | )
| Plaintiff, | )
| | )
| and | )   O R D E R
| | )
| DANIEL HORACEK, | )
| | )
| Movant-Appellant, | )
| | )
| v. | )
| | )
| HEIDI E. WASHINGTON, et al., | )
| | )
| Defendants-Appellees. | ) |

Before: BOGGS, Circuit Judge.

Daniel Horacek, a pro se Michigan prisoner, appeals the district court's order denying two post-judgment motions that he filed in a class action. Horacek moves to proceed in forma pauperis ("IFP"). Because his appeal is frivolous, that motion is denied.

Horacek is a class member in a lawsuit brought by Jewish prisoners against the Michigan Department of Corrections over improperly prepared kosher meals. The suit involved two claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1: that the vegan diet provided to kosher prisoners does not conform to their religious practice of eating meat and dairy on certain holidays; and that the food is prepared and the trays and utensils are cleaned in a way that makes their meals not kosher. The parties settled the second claim, and the plaintiffs won at trial on the first. *Ackerman v. Washington*, 436 F. Supp. 3d 1002, 1019 (E.D. Mich. 2020). This court affirmed. *Ackerman v. Washington*, 16 F.4th 170, 176 (6th Cir. 2021).

After the district court entered judgment and while the defendants' appeal was pending, class counsel filed two motions alleging that the defendants had breached the settlement agreement because the defendants' certifications that the prison kitchens were kosher were not in accordance with Orthodox Jewish standards. Horacek filed his own motion raising the same allegations. The district court denied the motions by class counsel, holding that the defendants did not breach the agreement, and ordered Horacek's motion stricken as improper, because he was represented by class counsel. *Ackerman v. Washington*, No. CV 13-14137, 2021 WL 805434 (E.D. Mich. Mar. 3, 2021).

Horacek then filed two more motions, which are the subject of this appeal: one for reconsideration of the decision to strike his pro se motion; and another to allow him to withdraw from the class, create a new subclass of Orthodox Jews, appoint separate counsel, and remove the existing class counsel and class representative. The district court denied his reconsideration motion as untimely and without merit and denied his other motion because he could not withdraw from the class and could not create a new subclass after judgment had been issued disposing of the case. *Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896 (E.D. Mich. Dec. 7, 2021). Horacek appeals and moves to do so IFP.

A party that makes the requisite showing of poverty will be granted leave to proceed IFP if his appeal is being taken in good faith, that is, if it is not frivolous. *See* 28 U.S.C. § 1915(a); *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999). An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Horacek's appeal lacks an arguable basis in law for the reasons detailed by the district court. The district court held that his reconsideration motion was untimely under the court's local rules and that Horacek's explanation that he did not learn about the court's order for several months was unpersuasive given that he waited another month after he says he learned of the court's order to move for reconsideration. The district court also held that in any event Horacek's motion would fail on the merits for the same reasons that class counsel's motions did, and the court noted that Horacek did not argue that its rejection of counsel's motions was flawed. *Ackerman*, 2021 WL 5782896, at *1. As for Horacek's motion to withdraw and create a new subclass, the district court

explained that, because the class in this case was certified under Federal Rule of Civil Procedure 23(b)(2), it is a mandatory class in which members have no right to opt out. *See Doster v. Kendall*, 54 F.4th 398, 440 (6th Cir. 2022). The court also correctly held that it could not create a new subclass with new claims after judgment and while the case was on appeal.

For these reasons, Horacek's motion for leave to proceed IFP is **DENIED**. Unless he pays the $505 filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk